**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5108**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FARRELL LEE CHATMAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:09-cr-00378-D-1)

Submitted:  September 29, 2011      Decided:  March 8, 2012

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Farrell Lee Chatman appeals his conviction and 135-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but setting forth several arguments at Chatman's request challenging the validity of the plea and the reasonableness of the sentence. The Government has filed a motion to dismiss the appeal on the basis that Chatman explicitly waived his right to appeal in the plea agreement. Chatman opposes the motion on the basis that the Government breached the plea agreement and engaged in prosecutorial misconduct by declining to file a motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2009).

We review the validity of a waiver de novo and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.

2

1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).

To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Our review of the record leads us to conclude that Chatman knowingly and voluntarily waived his right to appeal the conviction and sentence. To the extent Chatman claims that the Government breached the plea agreement or otherwise engaged in prosecutorial misconduct in declining to file a downward departure motion based on substantial assistance, we conclude that his claim is squarely contradicted by the record. Wade v. United States, 504 U.S. 181, 184-87 (1992).

In accordance with Anders, we have reviewed the entire record in the case and have found no meritorious issues for appeal outside the scope of the appellate waiver. Accordingly,

3

we grant the Government's motion to dismiss and dismiss the appeal. We deny Chatman's motion to replace counsel. This court requires that counsel inform Chatman, in writing, of the right to petition the Supreme Court of the United States for further review. If Chatman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chatman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED